Tripp *et al.* agt. Saunders.

## SUPREME COURT.

T. VINCENT TRIPP *et al.* agt. GEORGE H. SAUNDERS and ANDREW J. GARDNER.

SARAH HALLIDAY agt. THE SAME.

*Confession of judgment by one of several joint debtors — Code of Civil Procedure, section 1278.*

A judgment cannot be confessed by one of several joint debtors, so as to bind the debtors not joining in the confession.
Section 1278 of the Code of Civil Procedure considered.

*New York Chambers, December,* 1879.

MOTION to set aside judgment entered upon confession by one of two joint debtors, and the execution thereon, for irregularity.

*John A. Mapes,* for defendant Gardner, in support of the motion.

*Homer A. Nelson,* for plaintiff, opposed.

VAN VORST, *J.*— I think that their judgments are irregular.

Previous to the present Code of Civil Procedure, no judgment could be entered against joint debtors, on a confession by one (*Stoutenburgh* agt. *Vandenburgh,* 7 *How. Pr. R.,* 229; *Everson* agt. *Gehrman,* 10 *How. Pr. R.,* 301).

In the latter of these cases, a judgment entered on the confession of one of two partners or joint debtors, was held to be void as against the defendant not signing the confession, and could not be enforced against the joint property. Section 1278 of the Code of Civil Procedure, to which I am referred by the learned counsel for the plaintiff, is new. It authorizes one or more joint debtors to confess a judgment for a joint debt due or to become due. But it provides, that where all the joint debtors do not unite in the confession, the judgment must be entered and enforced against only those who confess it. The judgments in the above entitled actions, confessed by one partner, without the knowledge or consent of his copartner, have been entered and are attempted to be enforced, as though both were bound. The judgment is docketed against both partners, and executions have been issued against both defendants, without any special indorsement, and the joint property has been seized.

I think the true sense of the section of the Code above alluded to is, that one joint debtor may confess a judgment upon a joint debt so as to be enforced against his individual property, and that such confession and judgment is no bar to an action against all the joint debtors upon the same demand. This was to avoid the effect of a confession by one making the debt, by such confession, his individual debt exclusively (*Stoutenburgh* agt. *Vandenburgh, supra*).

The language of section 1278 differs essentially from that of section 136 of the former Code with respect to suits against joint debtors. This latter section provides that when a *summons* is served on one or more of several joint debtors, but not on all of them, the plaintiff may proceed against the defendant served, unless the court otherwise directs, and if

he recover judgment it may be entered *against all the defendants jointly indebted*, so far only as that it may be enforced *against the joint property of all and the separate property of the defendants served.*

Section 1278 neither authorizes the judgment in form to be entered against the defendant not served, nor the seizure thereunder of the joint property.

And in so far as it affects the defendant Gardner it should be vacated and the executions should be set aside.

The defendant Gardner should recover ten dollars costs of this motion.

NOTE. — Affirmed on appeal to the general term. [ED.

---

## SUPREME COURT.